IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

UNITED STATES OF AMERICA

v.  No. 7:25-CR-010-O

OSVALDO GUAJARDO (01)

## FACTUAL RESUME

I. <u>Plea</u>: The defendant is pleading guilty to Count One of the Information, which charges Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 371 (18 U.S.C. § 1343).

II. <u>Penalties</u>: The maximum penalties the Court can impose for Count One include:

   a. imprisonment for a period not to exceed 5 years;

   b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release not to exceed 3 years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of supervised release, the Court may revoke such release term and require that the defendant serve any or all of such term as an additional period of confinement;

   d. a mandatory special assessment of $100;

   e. restitution to victims or to the community, which may be mandatory under the law;

   f. forfeiture; and

   g. costs of incarceration and supervision.

**Factual Resume - Page 1**

III.  Elements of the Offense: The government must prove the following elements as to Count One of the Information:

First: That the defendant and at least one other person made an agreement to commit the crime of wire fraud, in violation of 18 U.S.C. § 1343, as charged in the Information;

Second: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

Third: That one of the coconspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Information, in order to accomplish some object or purpose of the conspiracy.

The elements of wire fraud—the object of the offense—are as follows:

First: That a scheme to defraud existed;

Second: That the scheme to defraud employed false material representations or pretenses;

Third: That the defendant transmitted or caused to be transmitted by way of wire communications, in interstate or foreign commerce, any writing, signal, or sound for the purpose of executing such scheme;

Fourth: That the defendant acted with a specific intent to defraud.

IV.  Stipulated Facts:

In or about November 2021, **Guajardo** worked at a Cell Company-1 store in Houston, Texas. During that timeframe, **Guajardo** agreed with Coconspirator-1, who was located in Dallas, Texas, that **Guajardo** would use his access to Cell Company-1 subscriber accounts to perform a SIM swap, that is, to transfer Victim-1's phone number, without Victim-1's knowledge or consent, to a phone his coconspirators controlled. After gaining control of Victim-1's phone number, **Guajardo's** coconspirators accessed Victim-1's cryptocurrency account through false and fraudulent pretenses and representations and transferred cryptocurrency to accounts the coconspirators controlled.

**Factual Resume - Page 2**

In furtherance of the conspiracy, on or about November 12, 2021, Coconspirator-1 sent **Guajardo** approximately $3,000 worth of cryptocurrency in exchange for **Guajardo** performing a SIM swap on Victim-1's phone the following day. In sending the cryptocurrency, Coconspirator-1 initiated an interstate wire from the Northern District of Texas to a cryptocurrency company all of whose servers were outside the state of Texas. On November 13, 2021, **Guajardo** SIM swapped Victim-1's phone to a phone controlled by **Guajardo's** coconspirators, who then obtained access to Victim-1's cryptocurrency account and stole approximately $1,100,000 worth of cryptocurrency.

AGREED AND STIPULATED on this 23rd day of APRIL, 2025.

_____
OSVALDO GUAJARDO
Defendant

_____
DEVON SANDERS
Counsel for Defendant